IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MRM CUSTER EDUCATORS LLC<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO: 4:25-cv-00637-JCB |
| | § | |
| AMCO INSURANCE COMPANY LLC<br>*Defendant.* | §<br>§<br>§ | |

## PROPOSED SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b) and the Eastern District of Texas Local Rules (except as modified herein), the court **orders** that the following schedule governs the disposition of this case:

| | |
|---|---|
| **21 days after this scheduling order issues** | File notice of mediator<br><br>The parties must jointly file a notice that either identifies an agreed-upon mediator (with a proposed order appointing the mediator) or indicates that no agreement was reached. If the parties do not reach an agreement, the court will appoint a mediator. If the parties do agree upon a mediator, the parties must, before filing the notice identifying the agreed-upon mediator, schedule mediation to occur before this order's mediation deadline and state the scheduled mediation date in the notice. |
| **61 days after this scheduling order issues** | Deadline for (1) motions for leave to join parties and (2) motions for leave to amend pleadings.<br><br>This deadline does not modify the requirements of the Federal Rules of Civil Procedure regarding leave of court to amend pleadings and court action to join parties. See, e.g., Fed. R. Civ. P. 15(a), 21.<br><br>Parties may petition the court to modify this deadline for good cause. |
| **117 days after this scheduling order issues** | Party with the burden of proof on an issue shall file a written designation of the name and address of each **expert witness**, if any, who will testify at trial for that party and shall otherwise comply with Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
| **145 days after this scheduling order issues** | Party without the burden of proof on an issue shall file a written designation of the name and address of each **expert witness**, if any, who will testify at trial for that party and shall otherwise comply with Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |

| | |
|---|---|
| **30 days after any Rule 26(a)(2) disclosure** | Parties may provide further expert disclosure of expert testimony or evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) within 30 days of the disclosure contradicted or rebutted. |
| **175 days after this scheduling order issues** | Mediation deadline<br><br>Within **seven days** after the mediation, the parties shall **jointly prepare and file a written report**, which shall be signed by counsel for each party, detailing the date on which the mediation was held, the persons present (including the capacity of any representative), and the outcome of the mediation. |
| **205 days before trial or as requested by parties**<br><br>(**the parties request April 20, 2026**) | Discovery deadline<br><br>All discovery—including expert discovery—shall be completed by this date. The parties may agree to extend this discovery deadline, provided that (1) the extension **does not affect** the trial setting, dispositive-motions deadline, challenges to experts deadline, or pretrial submission dates; and (2) the parties jointly file with the court written notice of the extension. |
| **As set by the court**<br><br>(**the parties request May 11, 2026**) | **Deadline for all dispositive motions and any other motions that may require a hearing (including *Daubert* motions).**<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7. Motions to extend page limits will be granted only in exceptional circumstances. |
| **70 days before trial**<br><br>(**the parties request July 6, 2026**) | Exchange pretrial disclosures (witness list, deposition designations, and exhibit list).<br><br>Parties must make all disclosures required by Federal Rule of Civil Procedure 26(a)(3)(A)-(B). Any party who proposes to offer deposition testimony shall serve a disclosure identifying the line and page numbers to be offered. |
| **63 days before trial**<br>(**the parties request July 13, 2026**) | Exchange rebuttal deposition designations.<br><br>For rebuttal designations, cross-examination line and page numbers must be included. |
| **56 days before trial**<br>(**the parties request July 20,** | Objections to pretrial disclosures.<br><br>Each party must serve a list disclosing any **objections** and the relevant grounds, including any objections under Federal Rules of Evidence 402 |

2

| | |
|---|---|
| **2026)** | and 403, to:<br>(1) any other party's deposition designation;<br>(2) the admissibility of disclosed exhibits; and<br>(3) the use of any witnesses.<br><br>Any objections not so disclosed, other than objections under Rules 402 and 403, are waived unless excused by the court for good cause. The parties are **ordered** to meet and confer to resolve any disputes before filing any objections to pretrial disclosures. |
| **45 days before trial (the parties request July 31, 2026)** | **Notice of request for daily transcript or real-time reporting of court proceedings due.**<br><br>If a daily transcript or real-time reporting of court proceedings is requested for trial or hearings, every party making said request shall file a notice with the court. The parties should send a copy of this request to Judge_Barker_ECFDocs@txed.uscourts.gov. |
| **45 days before trial (the parties request July 31, 2026)** | **File joint final pretrial report.**<br><br>The joint final pretrial report should include:<br>• for issues tried to the bench, proposed findings of fact and conclusions of law with citation to authority;<br>• estimated length of trial;<br>• each party's one-to-three-page executive summary of what they expect the evidence to show and the main points of dispute at trial;<br>• an agreed jury questionnaire;<br>• each party's exhibit list;<br>• each party's witness list;<br>• a joint jury-instructions proposal, with citation to authority and any disagreements noted seriatim;<br>• joint proposed verdict form; and<br>• each party's certification that its lead trial attorney has re-read all the Federal Rules of Evidence within the past six months.<br><br>Trial briefs<br>• Each party may file a trial brief with the report. The briefing should discuss any applicable authority addressing the issues expected to arise at trial. These may also review what the evidence will show. But a trial brief may not replace other motions.<br><br>Parties must email a word copy of the joint pretrial report to Judge_Barker_ECFDocs@txed.uscourts.gov. |

3

| **45 days before trial** <br> **(the parties request July 31, 2026)** | **File motions in limine, if any, and pretrial objections.** <br><br> Motions in limine should not be filed as a matter of course. Any motions should include an overview of the relevant factual background and citations to applicable law. <br><br> The parties are **ordered** to meet and confer to resolve any disputes before filing any motion in limine. Replies to responses are not permitted except by leave of court. |
|---|---|
| **30 days before trial** <br> **(the parties request August 14, 2026)** | **File responses to motions in limine, if any.** |
| **28 days before trial** <br> **(the parties request August 17, 2026)** | Exchange exhibits. <br><br> Each party intending to offer exhibits shall **serve a complete set** of marked exhibits, whether tangible or electronic, to all opposing parties and **shall deliver a set of marked exhibits to the judge's chambers** (except for large or voluminous items that cannot be easily reproduced). |
| **28 days before trial** <br> **(the parties request August 17, 2026)** | Settlement-conference deadline. <br><br> See additional details below. |
| **28 days before trial** <br> **(the parties request August 17, 2026)** | **File a notice of time requested for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments.** |
| **Scheduled by the court if necessary** | A **pretrial conference** will be conducted, in person, before Judge J. Campbell Barker, 211 W. Ferguson St., 3rd Floor, Tyler, Texas. <br><br> Lead counsel for each party must attend, or, if the party is proceeding pro se, the party must attend. Lead counsel and pro se parties must have authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial. All pretrial motions not previously decided will be resolved at that time, and procedures for trial will be discussed. |
| **As set by the court** | **9:30 a.m. Jury Selection and Trial before Judge J. Campbell Barker, 211 W. Ferguson St., 3rd Floor, Tyler, Texas.** |

| | |
|---|---|
| (**the parties request September 14, 2026**) | |

If any of these dates falls on a weekend or court holiday, the deadline is modified to be the next court business day. Also note that all deadlines in this order are for **filing** or **delivery**, **not mailing** dates.

Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure and the local rules of this court must be observed.

### Settlement conference and status report

**Settlement conference**
By the deadline provided above, the parties and their respective lead counsel shall hold a **face-to-face meeting** to discuss **settlement** of this case. Individual parties and their counsel shall participate in person, not by telephone or other remote means. All other parties shall participate by both (1) counsel and (2) a representative or representatives who has settlement authority and who must participate in person, not by telephone or other remote means. If a party has liability-insurance coverage as to any claim made against that party in this case, a representative of each insurance company providing such coverage, who shall have full authority to offer policy limits in settlement, shall be present at and participate in the meeting in person, not by telephone or other remote means.

**Joint settlement report**
Within **seven days** after the settlement conference, the parties shall **jointly prepare and file a written report**, which shall be signed by counsel for each party, detailing the date on which the meeting was held, the persons present (including the capacity of any representative), a statement regarding whether meaningful progress toward settlement was made, and a statement regarding the prospects of settlement.

### Pretrial materials

**1. Pretrial report**
Plaintiff's counsel shall file the **joint pretrial report**, which must include each matter listed in the final pretrial report that is available on Judge Barker's website and the **estimated length of trial**. If counsel for any party does not participate in the preparation of the joint pretrial report, opposing counsel shall submit a separate pretrial report with an explanation of why a joint order was not submitted (so that the court can impose sanctions, if appropriate). Each party may present its version of any disputed matter in the joint pretrial report; therefore, failure to agree upon content or language **is not an excuse for submitting separate pretrial reports**. When the joint pretrial report is approved by the court, it will control all subsequent proceedings in this case.

**2. Witness list**
Each party shall file a **witness list** using the template available on Judge Barker's website.

5

If any witness needs an interpreter, please so note on the witness list. It is the obligation of the party offering such a witness to arrange for an interpreter to be present at trial.

3. **Exhibit list**

Each party shall file a **list of exhibits, whether tangible or electronic,** to be offered at trial using the template available on Judge Barker's website. The list of exhibits shall describe with specificity the documents or things in numbered sequence. The documents or things to be offered as exhibits shall be numbered by attachment of physical or digital exhibit stickers to correspond with the sequence on the exhibit list and identify the party submitting the exhibit. This is a modification of Local Rule CV-79(a). Do not use letter suffixes to identify exhibits (e.g., designate them as Plaintiff's Exhibit 1, 2, and 3, not as 1A, 1B, and 1C).

Each party's **exhibit list** shall be accompanied by a written statement, signed by counsel for each party and state that, as to each exhibit shown on the list,

**(i)** the parties agree to the admissibility of the exhibit; or

the admissibility of the exhibit is objected to, identifying the nature and legal basis of any objection to admissibility and the party or parties urging the objection.

All parties shall cooperate in causing such statements to be prepared in a timely manner for filing with the exhibit lists. Counsel for the party proposing to offer an exhibit shall be responsible for coordinating activities related to preparation of such a statement as to the exhibit the party proposes to offer. This includes an obligation to make exhibits available for inspection in advance of the deadline for filing exhibit lists where a party needs to see exhibits to assess admissibility. The court may exclude any exhibit offered at trial unless such a statement regarding the exhibit has been filed in a timely manner. In addition, objections not identified in the statement may be waived. The court expects the parties to confer and agree to admit the majority of their exhibits prior to trial.

**Deposition-testimony designations**

Each party shall file a list of designated deposition testimony that it intends to offer at trial. Each list of deposition designations shall include any rebuttal designations by the opposing party. Each list of deposition designations shall also include a notation of any objections to the designated deposition testimony.

**Jury charge:**

The parties shall submit proposed jury instructions (annotated) and a proposed verdict form as set forth below. *Annotated* means that each proposed instruction shall be accompanied by citation to pertinent statutes, case law, or pattern instructions. It is not sufficient to submit a proposed instruction without citation to supporting authority.

**(i)** Counsel for plaintiff shall deliver to counsel for defendant by **[60 days before trial]** a copy of its proposed charge and verdict form.

Counsel for defendant shall deliver to counsel for plaintiff by **[55 days before trial]**: (1) a statement, prepared with specificity, of any objection to any portion of plaintiff's proposed charge and verdict form and (2) the text of all additional or modified

      instructions or portions of the verdict form that defendant proposes. Each objection and each such request shall be accompanied by citations of authorities supporting defendant's objection or request.

      At a mutually agreed time on or before **[50 days before trial]** the lead attorneys for the parties shall meet face-to-face at either (1) a mutually agreeable place or (2) the office of counsel located closest to Tyler, Texas. At the meeting, the parties shall (1) discuss and try to resolve differences between the parties as to language to be included in the charge to the jury and (2) identify areas of disagreement that cannot be resolved. The meeting shall last long enough for the parties to meaningfully discuss all areas of disagreement and meaningfully try to reach agreement. Each attorney shall cooperate fully in all matters related to such a meeting.

      On or before **[45 days before trial]**, counsel for plaintiff shall file a single document titled "Proposed Charge," which shall contain, in logical sequence, all agreed-to charge language plus each party's proposed charge language as to which agreement could not be reached. All disputed language of the proposed charge shall be (1) in bold face, (2) preceded by the name of the party proposing the language, and (3) followed by citation of authorities in favor of and in opposition to the language. Objections not stated in the Proposed Charge will be waived unless good cause is shown for the failure to object or propose an additional instruction or question.

**Voir dire**

    The parties shall file any **proposed voir dire questions** for the court to ask during its examination of the jury panel as an attachment to the pretrial report. The filing should note whether each question is agreed to by both parties or which party proposes the question.

**Trial briefs**

    Trial briefs may be filed by each party by the deadline for the pretrial report. In the absence of a specific order of the court, trial briefs are not required but are welcomed. The briefing should discuss any applicable Supreme Court, federal court of appeals, or state-court authority in addressing the issues expected to arise at trial.

### Modification of scheduling order

    As addressed above, this order shall control the disposition of this case unless it is modified by the court upon a showing of **good cause** and by leave of court. Fed. R. Civ. P. 16(b)(4). Any request that the trial date be modified must be made **in writing** to the Court, **before** the deadline for completion of discovery.

### Discovery disputes

    A magistrate judge is available during business hours to immediately hear discovery disputes and to enforce provisions of the rules. The hotline is the best means to obtain an immediate ruling on whether a discovery request is relevant to any claims or defenses and on disputes arising during depositions. The hotline number is (903) 590-1198. *See* Local Rule CV-26(e).

Before filing a motion to compel, a motion to quash, or a motion for protection from discovery, lead counsel must confer in good faith about the dispute. If an agreement cannot be reached and counsel believe that the dispute may be quickly resolved with a call to the hotline, then counsel should call the hotline. If the dispute is not resolved by conferring in good faith or by the magistrate judge via the hotline, then a party may file an appropriate motion. Any such motion should include a certification by counsel describing the steps taken to comply with this paragraph, including whether the parties called the hotline or why they believed that the hotline was not appropriate to resolve the dispute.

### Electronic discovery

In cases involving disputes over extensive electronic discovery, counsel for both sides shall review the court's *[Model] Order Regarding E-Discovery* before contacting the hotline or filing motions to compel or to quash. Access it on the court's website under Standard Forms.

The order can be modified for use in any case in which electronic discovery is an issue, and any ruling of the court on conduct of electronic discovery may be based, at least in part, on that model order.

### Resources

The Eastern District of Texas website (www.txed.uscourts.gov) has information about mandatory electronic filing, Local Rules, telephone numbers, general orders, frequently requested cases, and the Eastern District fee schedule.

### Compliance

A party is not excused from the requirements of this scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure, or because another party has failed to comply with this order or the rules.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure, or this order may result in the exclusion of evidence at trial, the imposition of sanctions, or both. If a fellow member of the bar makes a just request for cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent. However, the court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order. *See* Local Rule AT-3(j).

### Inquiries

Questions relating to this scheduling order or legal matters should be presented in a motion, as appropriate. For questions regarding electronic notice or electronic case files, please see the ECF FAQs on the Eastern District of Texas website.

**SIGNED** this _____ day of _____, 2025.

_____
J. Campbell Barker
United States District Judge

Respectfully submitted,

| | |
|---|---|
| */s/ Charles Cicero (w/ permission PMK)* | */s/ Patrick M. Kemp* |
| Charles Cicero | Patrick M. Kemp |
| State Bar No. 24123687 | Texas Bar No. 24043751 |
| chaz@cicero-law.com | pkemp@smsm.com |
| Cicero Law, LLC | Robert G. Wall |
| 205 Holiday Blvd., Ste. 100 | Texas Bar No. 24072411 |
| Covington, Louisiana 70433 | rwall@smsm.com |
| (216) 409-5442 | Segal McCambridge Singer & Mahoney |
| | 100 Congress Avenue, Suite 800 |
| **ATTORNEY FOR PLAINTIFF** | Austin, Texas 78701 |
| | (512) 476-7834 |
| | (512) 476-7832 – Facsimile |
| | |
| | **ATTORNEYS FOR DEFENDANT AMCO INSURANCE COMPANY LLC** |

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF this the 30th day of September, 2025 to:

Charles Cicero
Cicero Law, LLC
205 Holiday Blvd., Ste. 100
Covington, Louisiana 70433
chaz@cicero-law.com

 */s/ Patrick M. Kemp*
Patrick M. Kemp